Robert CRISWELL, Petitioner–
Appellant,

v.

Gary WATKINS, and the Attorney
General of the State of Colorado,
Respondents–Appellees.

No. 04–1128.

United States Court of Appeals,
Tenth Circuit.

Oct. 19, 2004.

Robert Criswell, # 80712, Limon Cor-
rectonal Facility, Limon, CO, for Petition-
er–Appellant.

John J. Fuerst, III, Colorado Attorney
General, Denver, CO, for Respondents–
Appellees.

Before KELLY, HENRY, and
TYMKOVICH, Circuit Judges.

## ORDER

HENRY, Circuit Judge.

Robert Criswell, a Colorado state pris-
oner proceeding pro se, seeks a certificate
of appealability ("COA") to appeal the de-
nial of his 28 U.S.C. § 2254 petition for
habeas corpus. Mr. Criswell also seeks to
proceed in forma pauperis ("IFP"). We
deny his request for a COA, deny his
request to proceed IFP and dismiss this
appeal.

## I. BACKGROUND

Mr. Criswell pleaded guilty in March
1993 to one count of second-degree murder
and was sentenced to forty-eight years'
imprisonment. Though the petitioner did
not directly appeal his judgment of convic-
tion, he filed several motions from 1996 to
2002 for post-conviction relief in state
court; all were denied.

In October 2002, Mr. Criswell filed his
§ 2254 petition in federal district court and
asserted four claims for relief. In Claim
One, he alleged ineffective assistance of
counsel, in violation of his Sixth Amend-
ment rights, because his counsel did not
interview the chief medical examiner who
performed the victim's autopsy. Mr. Cris-
well alleged in Claims Two and Three that
his conviction and sentence violated his
due process rights because he was not
separately charged with a "crime of vio-
lence" and did not plead guilty to a "crime
of violence," in violation of his Fifth, Sixth
and Fourteenth Amendment rights. The
petitioner asserted in Claim Four that his
conviction violated his Sixth Amendment
right to effective counsel because his coun-
sel was not aware of the "crime of vio-
lence" sentence enhancement.

The magistrate judge concluded in May
2003 that Mr. Criswell had not exhausted
Claim Four and recommended that all
claims be dismissed. The district court
adopted the magistrate judge's recommen-
dation in part, dismissing Claims Two,
Three and Four. The district court, howev-
er, rejected the recommendation in part
and remanded to the magistrate judge to
make factual findings about Claim One
under 28 U.S.C. § 2254(d)(2). After addi-
tional review, the magistrate judge recom-
mended dismissal of Claim One, and the
district court adopted the supplemental
recommendation in March 2004. Mr. Cris-
well now seeks a COA so he may appeal
the district court's ruling on the first three
claims.

## II. DISCUSSION

We may issue a COA and entertain Mr.
Criswell's appeal only if he "has made a
substantial showing of the denial of a con-
stitutional right." 28 U.S.C. § 2253(c)(2).

To make a substantial showing, Mr. Criswell "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotation marks omitted).

Colorado state courts have already adjudicated Mr. Criswell's habeas claims on the merits. We may therefore grant habeas relief only where a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). We have also recently held that this "deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir.2004).

Applying this deferential standard, we have reviewed the magistrate judge's recommendation and supplemental recommendation, the two district court orders, the petitioner's brief and the entire record on appeal. For substantially the same reasons set out in the magistrate judge's thorough recommendation and supplemental recommendation, and the district court's orders addressing objections to the recommendations, we conclude that Mr. Criswell has not made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). Colorado courts reasonably applied Sixth Amendment law to Claim One when ruling that counsel's failure to interview the medical examiner did not constitute ineffective assistance of counsel. Concerning Claims Two and Three, the petitioner admitted the elements of a "crime of violence" by pleading to second-degree murder, and no separate charge was required to support the sentence enhancement. *See* Colo.Rev. Stat. § 16–11–309(2)(a)(II)(B) (relocated to § 18–1.3–406(2)(a)(II)(B)).

We therefore DENY Mr. Criswell's application for a COA. We also DENY his motion to proceed IFP and DISMISS the appeal.